IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -1 PM 3:10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CHERRIE L. FULGHUM,

    Plaintiff,

v.                      No. 04-2340 B

FEDEX CORPORATION,

    Defendant.

___

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
___

Before the Court is the motion of the Defendant, Fedex Corporation ("FedEx"), to dismiss the complaint filed by the Plaintiff, Cherrie L. Fulghum, for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

The Plaintiff has alleged violation of the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601, et seq. The limitations provision of the statute requires that "an action must be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). According to the complaint, the "last event constituting the alleged violation" occurred on May 8, 2002. FedEx contends that this action, initiated on May 10, 2004, is barred by the statute of limitations set forth in § 2617(c)(1).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-2-05



Fed. R. Civ. P. 6(a) provides that

> [i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is a Saturday*, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

(emphasis added.)  As Fulghum has noted in her response to the motion, the two-year statutory period ending on May 8, 2004 fell on a Saturday.  Thus, according to Rule 6(a), the Plaintiff had until the Monday following the running of the statutory period, May 10, 2004, in which to file her complaint.  As a consequence, the complaint filed on that date is not time-barred.[1]

IT IS SO ORDERED this ___ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Based on the Court's decision, it need not address the Plaintiff's arguments concerning her amended complaint and the allegations therein as to the statute of limitations for "willful" violations of the FMLA.

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 2:04-CV-02340 was distributed by fax, mail, or direct printing on August 2, 2005 to the parties listed.

---

Bradley G. Kirk
CARTER STANFILL & KIRK
25 Natchez Trace Dr.
Lexington, TN 38351

Jay L. Grytdahl
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Bldg. B, 3rd fl, Comat 7103
Memphis, TN 38125--880

Honorable J. Breen
US DISTRICT COURT