IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHERRIE L. FULGHUM,

    Plaintiff,

v.                                      No. 04-2340 B

FEDERAL EXPRESS CORP.,

    Defendant.

___

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSING CASE

___

On October 4, 2005, this Court entered an order directing the Plaintiff, Cherrie L. Fulghum, who is represented by counsel, to show cause, within fifteen (15) days, why the motion of the Defendant, Federal Express Corporation, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should not be granted. As discussed in detail therein, the basis for the show cause order was the Plaintiff's failure to respond to the dispositive motion. The Plaintiff was clearly admonished that "[f]ailure of the Plaintiff to respond in a timely manner to this order may result in the granting of the motion." (Order to Show Cause Why Mot. of Def. for Summ. J. Should Not Be Granted at 1.) According to the Court's docket, the Plaintiff has to date failed to respond to the show cause order, even though the time for such response has expired.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket



and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to respond to the dispositive motion

2

of the Defendant as well as to the Court's show cause order. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on a Defendant seeking disposition of the action. In addition, the Plaintiff has been cautioned by the Court in no uncertain terms concerning the dire ramifications of any failures to comply with Court orders. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to move this case forward.

Based on the foregoing, the motion of the Defendant for summary judgment is hereby GRANTED and this matter is DISMISSED with prejudice. The Clerk of Court is directed to enter judgment for the Defendant.

IT IS SO ORDERED this 31st day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:04-CV-02340 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Jay L. Grytdahl
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Bldg. B, 3rd fl, Comat 7103
Memphis, TN 38125--880

Bradley G. Kirk
CARTER STANFILL & KIRK
25 Natchez Trace Dr.
Lexington, TN 38351

Honorable J. Breen
US DISTRICT COURT